# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEFFERY E. BRYSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14 cv 7998 |
| ) | Hon. Marvin E. Aspen |
| BENCHMARK MANAGEMENT ) | |
| CORPORATION AND PAUL LOUISE, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Plaintiff, Jeffery E. Bryson ("Plaintiff") filed a complaint against Defendants, Benchmark Management Corporation and Paul Louise ("Defendants," respectively "Benchmark" and "Louise"), alleging two causes of action under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). Defendants' answer generally denied the allegations of the complaint and asserted eight affirmative defenses. Presently before us is Plaintiff's motion to strike Defendants' affirmative defenses pursuant to Federal Rules of Civil Procedure 8, 9, and 12. Plaintiff claims that Defendants' affirmative defenses "are insufficient on their face" and "are either bare-bones conclusory allegations or hypothetical assertions that do not reflect any facts or knowledge of the Defendants." (Mot. ¶ 3.)

For the reasons set forth below, we grant Plaintiff's motion in part. Affirmative defenses 2, 4, and 7 are stricken. Affirmative defense 8 and the objection to affirmative defense 3 were voluntarily withdrawn. Affirmative defenses 1, 3, 5, and 6 remain.

**BACKGROUND**

From October 2008 to July 20, 2012, Plaintiff was employed as a Service Technician with Benchmark. (Compl. ¶ 4.) Plaintiff provided maintenance services at the Cedar Ridge Apartments in Richton Park, Illinois, and was the only African-American employee in his department. (*Id*.) Louise was Plaintiff's supervisor on the job and collected Plaintiff's time sheets, assigned work locations, and prescribed day-to-day activities. (*Id.* ¶ 6.) Plaintiff alleges that Louise harassed him with "racial slurs, jokes, and derogatory statements regarding African-Americans." (*Id.* ¶ 7.) Plaintiff also alleges that Louise hid tools and keys from him to prevent him from performing his job. (*Id*.) In addition, Plaintiff claims that Louise manipulated the work orders to ensure that Plaintiff received the hardest tasks. (*Id*.) Plaintiff complained repeatedly to the on-site Property Manager with regard to the alleged racial harassment and mistreatment. (*Id.* ¶ 8.) Louise received a formal written reprimand; however, Plaintiff alleges that Louise's discriminatory and harassing conduct continued. (*Id*.)

Plaintiff claims that while working on July 14, 2013 he cleaned out the garage and gave four discarded air conditioning units to a junk man who routinely picked-up discarded metal appliances from the complex. (*Id*. ¶ 9.) He alleges that Louise, however, reported to Benchmark management that Plaintiff had stolen the air conditioning units. (*Id.* ¶ 10.) Plaintiff was then terminated on July 20, 2012. (*Id.*)

Plaintiff filed suit on October 14, 2014. He claims that Defendants intentionally discriminated against him on the basis of his race and retaliated against him by terminating his employment after he complained to management about racial harassment and abuse. (*Id.* ¶¶ 12, 14.) As relief for these injuries, he seeks reinstatement to his former position with comparable

salary and benefits, and compensatory and punitive damages. (*Id.* ¶ 13.) Defendants raise a number of affirmative defenses in their answer, which we address below.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(c) requires parties to raise any affirmative defenses in their responsive pleadings and lists nineteen defenses that must be plead affirmatively. Fed. R. Civ. P. 8(c). Affirmative defenses are pleadings and are thus subject to all pleading requirements. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982).

Rule 12(f) permits a plaintiff to move to strike an affirmative defense. *Intercon Solutions, Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1059 (N.D. Ill. 2013); *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Van Schouwen*, 782 F. Supp. at 1245. Motions to strike are generally disfavored because they potentially serve only to delay. *Heller*, 883 F.2d at 1294 (citing *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975)). When they "remove unnecessary clutter," however, they can serve to expedite the case. *Heller*, 883 F.2d at 1294.

Generally, an affirmative defense will not be stricken if it is "sufficient as a matter of law" or if it presents "questions of law or fact." *Id.*; *see also Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) ("Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." (internal quotations omitted)). The notice pleading standard requires the defendant to put the plaintiff on notice of the defenses asserted, but does

not require the defendant to assert "specific facts or legal theories." *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 868 (7th Cir. 2002); *Aller-Caire, Inc. v. American Textile Co.*, No. 07 C 4086, 2009 WL 331532, at *1 (N.D. Ill. Feb. 11, 2009). To survive a motion to strike, an affirmative defense must be: (1) appropriately pleaded as an affirmative defense; (2) adequately plead pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) sufficiently plead under the Rule 12(b)(6) standard. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); *see also Franklin Capital Corp. v. Baker & Taylor Entm't, Inc.*, No. 99 C 8237, 2000 WL 1222043, at * 2 (N.D. Ill. Aug. 22, 2000); *Bobbitt*, 532 F. Supp. at 737.

## ANALYSIS

Plaintiff moves to strike Defendants' affirmative defenses 1 to 8. In response, Defendants withdrew affirmative defense 8, and in reply, Plaintiff withdrew his motion to strike affirmative defense 3. Accordingly, we deny the motion as moot with respect to affirmative defenses 3 and 8. We address affirmative defenses 1, 2, 4, 5, 6, and 7 below.

### A. Affirmative Defense 1: Failure to Mitigate Damages

Affirmative defense 1 states: "Plaintiff's claims for relief are barred to the extent that he failed to mitigate his damages, if any." (Answer at 6.) Although this allegation is bare of factual specificity on its face, courts in this district recognize failure to mitigate as a defense and do not require plaintiffs to plead it with additional facts. *See Fleming v. County of Kane*, 898 F.2d 553, 560 (7th Cir. 1990); *Tome Engenharia E Transporrtes, Ltd. v. Malki*, No. 94 C 7427, 1996 WL 172286, at *10 (N.D. Ill. April 11, 1996); *Sanchez v. La Rosa Del Monte Express, Inc.*, No. 94 C 3602, 1994 WL 603901, at * 2 (N.D. Ill. Nov. 1, 1994). Courts typically permit threadbare pleading of the mitigation defense because defendants are usually unable to learn the factual specifics of the plaintiff's mitigation efforts without discovery. *In Retail Fund Algonquin*

4

*Commons, LLC. v. Abercrombie & Fitch Stores, Inc.*, No. 09 C 5824, 2010 WL 1873725, at *2 (N.D. Ill. May 10, 2010); *see Thomas v. Exxon Mobil Corp.*, No. 07 C 7131, 2009 WL 377334, at *4 (N.D. Ill. Feb. 11, 2009). In this case, although Defendants might have included more detail, affirmative defense 1 sufficiently puts Plaintiff on notice that his mitigation efforts will be an issue in this case. Accordingly, we deny Plaintiff's motion to strike affirmative defense 1.

### B. Affirmative Defense 2: Good Faith Compliance with Laws

In affirmative defense 2, Defendants allege that Plaintiff's damages claim is barred because they made a good faith effort to comply with the law and reasonably believed that they were in fact in compliance with the law. (Answer at 6.) An affirmative defense is "one that not only denies the plaintiff's claim but adds 'new matter which, assuming the complaint to be true, states a defense to it.'" *Sanchez*, 1994 WL 603901, at *2 (quoting Black's Law Dictionary 55 (5th ed. 1979)); *see Rao v. Covansys Corp.*, No. 6 C 5451, 2007 WL 141892, at *3 (N.D. Ill. Jan. 17, 2007). Affirmative defense 2 merely denies Plaintiff's allegations; it does not introduce any new matter or allegations that could serve as the basis for a defense to Plaintiff's complaint. Since affirmative defense 2 does not plead a proper defense, it is stricken.

### C. Affirmative Defense 4: Failure to Meet Administrative and/or Statutory Prerequisites

Defendants also assert that "Plaintiff's claims are barred to the extent that he failed to meet administrative and/or statutory prerequisites to filing suit." (Answer at 7.) This defense does not meet the requirements of Federal Rules of Civil Procedure 8 and 9 because it fails to specify which cause of action it relates to and what specific administrative or statutory prerequisites are in question. Since Defendants have not put Plaintiff on adequate notice of what they allege in this affirmative defense, the defense is not sufficiently plead. As a result, we strike affirmative defense 4.

### D. Affirmative Defense 5: Failure to Meet the EEOC Charge Deadline

Next, we turn to Defendants' defense that Plaintiff's claims based on conduct that occurred more than 300 days before Plaintiff filed his charge of discrimination are barred. (Answer at 7.) There is a clear legal basis for this defense. "In Illinois, a Title VII plaintiff must file a charge with the EEOC within 300 days of the alleged discrimination." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C.*, 277 F.3d 882, 892 (7th Cir. 2001); *Griffin v. Sutton Ford, Inc.*, 452 F. Supp. 2d 842, 847 (N.D. Ill. 2006); *Arnold v. Janssen Pharm., Inc.*, 215 F. Supp. 2d 951, 959 (N.D. Ill. 2002). If a plaintiff misses this deadline, his charge is untimely and he cannot proceed with litigation in federal court. Indeed, a timely-filed charge "is a prerequisite to bringing a Title VII . . . claim." *Arnold*, 215 F. Supp. 2d at 959; *Griffin*; 452 F. Supp. 2d at 847. This prerequisite provides a defendant with an affirmative defense to any lawsuit brought against it. *Pelnarsh v. R.R. Donnelly & Sons, Co.*, 348 F. App'x 178, 180 (7th Cir. 2009); *Volovsek v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 344 F.3d 680, 687 (7th Cir. 2003).

Moreover, in contrast to affirmative defense 4, by referencing the 300 day EEOC filing requirement, affirmative defense 4 adequately notifies Plaintiff which administrative and statutory prerequisites are at issue. Accordingly, we deny the motion to strike affirmative defense 5.

### E. Affirmative Defense 6: Allegations Exceed the Scope of the Allegations in the Discrimination Charge

Affirmative defense 6 disclaims liability for claims based on allegations that are outside the scope of Plaintiff's charge of discrimination. (Answer at 7.) This affirmative defense is recognized by law. As discussed above, plaintiffs are required to file a charge of discrimination with the EEOC before they can bring a Title VII claim in federal court. Accordingly, the scope

6

of a plaintiff's permissible federal claims is bound by the nature of the claims stated in his EEOC charge. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *Steffen v. Meridian Life Ins., Co.*, 859 F.2d 534, 544-45 (7th Cir. 1988).

In addition, although affirmative defense 6 is factually bare, we do not expect Defendants to plead this defense with additional facts since discovery may be necessary to learn more about the charge of discrimination. Accordingly, we deny the motion to strike affirmative defense 6.

**F. Affirmative Defense 7: Defendants' Exercise of Reasonable Care**

Finally, based on the language of affirmative defense 7, we perceive that Defendants intend to call upon the *Ellerth-Faragher* defense. (*See* Answer at 7.) This defense completely bars employer liability under Title VII when: (1) "the employer exercised reasonable care to prevent and correct promptly any . . . harassing behavior" and (2) "the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise." *Faragher v. Boca Raton*, 524 U.S. 775, 807, 118 S. Ct. 2275, 2293 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S. Ct. 2257, 2270 (1998). There is an exception to the defense, however, that prevents defendants from relying on it when a "supervisor's harassment culminates in a tangible employment action, such as discharge." *Faragher*, 524 U.S. at 808, 118 S. Ct. at 2293; *Ellerth*, 524 U.S. at 765, 118 S. Ct. at 2270. Here, Defendants fall squarely under this exception because Plaintiff claims that he was harassed by his supervisor (rather than, for example, a fellow employee) and it is undisputed that Benchmark terminated his employment. Accordingly, the *Ellerth-Faragher* defense is unavailable to Defendants and we strike affirmative defense 7.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike Defendants' affirmative defenses 2, 4, and 7 is granted, and Plaintiff's motion to strike Defendants' affirmative defenses 1, 5, and 6 is denied. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: March 12, 2015
       Chicago, Illinois